Thank you, Your Honor. May it please the Court. This case, I believe, Your Honor, is a case of statutory interpretation of an important statute, 5 United States Code, Section 7511, which is the principal statute that confers civil service protections and merit-award jurisdiction upon federal employees. The statute does not define it, does it? Yes, Your Honor, it does. And we have some precedent for this case? Yes, Your Honor, and as I indicated in my brief, I believe the Farris case, Your Honor's Farris case, the circuit, stands for the proposition that the term which excludes temporary appointment, the term that is specifically under then the temporary appointment, I believe that refers specifically to the two-year term. And I think that the exclusion of temporary appointment refers to what sometimes is called tacking under the statute. Well, of course, that proposition is physically closer to the continuous language than to the two years. That is correct, Your Honor, and I think the intelligence in this case also falls within the current continuous service language because I think it's undisputed here that all of her service from the time she started as an immigration attorney in 1996 to the time of her termination in 2011 was continuous under the statute. Well, Judge, I guess the problem I have is that continuous is followed by the statement that Judge Lurie was referring to, and it sort of defines continuous, does it not? I mean, they say continuous service in the same or similar position under other than a temporary appointment. So isn't under other than a temporary appointment a modifier of what continuous is? Right. I don't believe that's the case, Your Honor. I believe that service in a temporary position, as long as that service is continuous, what we have here, Your Honor, is we have a long string of permanent appointments as an immigration attorney. We then have an attorney rather than judge. We then have a temporary appointment as an immigration judge. There's no doubt that that argument is that we can ignore the temporary appointment and treat her and say she had permanent appointments and had those together and had two years. Yes, as long as they're the same or similar. And I think there's no— But I'm not reading out to what meaning do you give to the final phrase of that provision which says under other than a temporary appointment, when does that kick in in terms of what import does that have? Under the Forrest decision, Your Honor, it cannot be counted towards attacking. In other words, you take the time and the temporary service and you eliminate it from the two-year calculation under the statute. That's what Forrest says. In these cases, Your Honor, the two-year component can be made up not only of one position, but it can be made up of multiple positions, so long as they are the same or similar. There is no doubt that the temporary position and the permanent position are the same or similar because they're the identical position. One was a temporary immigration judge position. The other one was permanent. Right. That's why we're—everybody is emphasizing what it says within a same or similar position under other than a temporary appointment. Doesn't that go to how we're defining what the same or similar positions are that are necessary for continuous service? Correct. Well, if continuous service, therefore, requires that the same or similar position is other than a temporary appointment, why doesn't that apply explicitly to the fact of your change? Well, because we meet all the requirements—otherwise all the requirements. We clearly meet the two years under the statute. Well, no. I would kind of stick with that. It's just that I think if we had ended the sentence after executive agent period, I could understand the position. I just don't understand how your result contemplates that final section of the statute. Well, I think under the Forrest case, the two years, the service in a temporary appointment cannot be counted toward the completion of the two years. And I would agree that in addition to that requirement, all of the positions have to be continuous, which basically means there cannot be a gap of employment of a single work day. The appellant in this case also meets that requirement. The temporary appointment in this case, Your Honor, was done for one reason and one reason in all work. The sole purpose of the work is to say that the person can't be out of the federal service for a period of time. Yes, it was the meaning that the permanent appointment had to be continued. Yes, that's what it means. I can see that. Tell me what relevance it seems to me that you're reading out of the statute, the final provision. So tell me where the final provision doesn't mean continuous, but not in your case. Well, Judge, the Forrest case explains it perfectly. You cannot count service in a temporary position to add up to the two years of service. That's what it means, and I believe that's all it means. Well, the two years of continuous service. That's correct, but current continuous service is defined very specifically in the CFR ratings and in the board case law as service without a gap of a single work day. She meets that requirement as well. She meets the two-year requirement minus the temporary service, and she meets the continuous because she's got 13 years of service in various positions without a single gap, a work day gap of one day. So under those circumstances, provided the immigration attorney's position and the immigration judge's position are same or similar, which is another issue, not before your honors at this point because we didn't have a hearing on that issue, provided that's the case, she meets the statute and has the ability to feel a field of merit for an adverse action. The word current means no more than you start from the adverse action, in this case determination, which was April 23, 2010, and you count two years backwards from there. So basically you're saying that if somebody had two years of service under a term of appointment at any time in the page, that that is sufficient. No, I'm not saying that, your honor. I'm saying that you start counting from the adverse position back, but you subtract the temporary appointment, that's what Forrest says, cannot be included for attacking, and as long as those positions are the same or similar and continuous, you meet the statute. Well, the problem is, if you take away, if you extract from the timeline the temporary immigration service, then you're not consistent with the continuous requirement of the statute. I think that's incorrect, your honor, because you have to use the definition of continuous in a CFR case. Current continuous service means service immediately prior to the action in issue, the adverse action, without a break in service of a single work day. So the service immediately prior to the adverse action was the permanent preceded by the temporary. Correct. That would give you the two years, that's the two years prior to the adverse action include the temporary. Exactly, but you eliminate that from the calculation of the two years. Because? Because that's what Forrest says. The under, other than a temporary appointment means, according to Forrest, that it is not counted in the two year calculation. And I would agree that the positions, whether they're permanent or temporary, have to be continuous, counting back from the adverse action, counting back two years. The reason for the temporary appointment was, in this case, was so that a background investigation could be done. And as soon as the background investigation was done, that temporary appointment was converted to a permanent appointment. If we were to say, as my adversaries do here, that a temporary appointment automatically, in and of itself, takes somebody out of the statute and out of the civil service protection, you'd be basically saying that because somebody needs a security clearance, which she already had in her prior employment, that takes away protection, civil service protection, that she's built up over 13 years of employment. Suppose we were to agree that the statute is ambiguous, as to whether you or the government is correct. How would you resolve that ambiguity? Who has the interpretive authority under Chevron as to the meaning of the statute? I think you're honest here. But under Chevron, you're supposed to look at the agency's interpretation. Do we defer to the MSPB here? Well, Your Honor, I do not think that the MSPB has the last word here on this. Well, there are the two that have the authority. They are. Rather than the agency making the interpretation? Well, I will say this, Your Honor. Other than in this case, to my knowledge, the MSPB has never taken this position, ever. Who has the authority to accommodate regulations under the statute? It's OPM, isn't it? I don't know for sure. I think it is OPM. As far as I know, I'm not sure that the MSPB, at least in my experience, and Mr. Morrow will be up soon, I don't think they promulgate these kinds of regulations. Okay. Suppose OPM had to defer. Do we have OPM's views on what the statute means here? Well, you have CFR rights, which certainly define what a temporary appointment is. You have CFR rights that talk about what continuous, current continuous service is. You have Your Honor's own interpretation of it. Is your position consistent with the regulation? I think it is, yes, Your Honor. As a matter of fact, in my presentation, I would use OPM's interpretation of what the regulation means. Judge, I'm not sure. Well, let me say this. I don't think that this exact issue has ever been adjudicated or discussed by anyone. There's not a single board case that takes the position that my adversaries are advocating here. As far as I know, this is a case of first impression. There's never been a case that held that a temporary appointment in and of itself destroyed the continuity requirement of the statute. Mr. Roth, do you want to say some time? Yes, Your Honor. Thank you. I have a few things for you. Mr. Murrow, the board. You only have 12 minutes. Mr. Quigley, do you want to start? Yes, please, Your Honor. This is a case where the plain meaning of the statute is inclusive. Just for a moment, I have a feeling that we were to decide the same thing. How should we resolve that? You have the interpretive authority. Well, it's true that OPM has the authority to promulgate a regulation on this issue. At the time that the provision was enacted by the due process amendment in 1990, at the end of the time that OPM issued the regulation for when it made the final, I don't know if I have time to read it, but they did state that temporary service could not be counted toward completion of the required service for being an employee under this provision. It's not clear how it works, but this seems to be a little bit different than what's meant by continuous. But that's true. We don't agree with the petitioner's interpretation for us. For us, the regulations address this issue. The specific issue of whether permanent service is interrupted by temporary service, I don't think they're that specific. However, it's incorrect that the board has never addressed this issue. The board hasn't addressed it under the accepted service provision, but there's a parallel provision, competitive service provision, that requires for an employee to be an employee and have one year of current continuous service under oath at a temporary appointment, other than a temporary appointment. Those are just one year. So the language is parallel, other than the change from one year to two years. And in Williams' case, Williams v. Barclay, which I discussed in our brief, the exact same situation was presented. The employee had a period that was removed from a permanent appointment, and in the past he had some additional permanent service, but temporary service under a temporary appointment, in between, and it was all continuous. And in that case, the board held that because you're required to have, and he didn't have two years after the end of the temporary, very similar to the petitioner here. Well, there it was one year. They had the one year. He didn't have the one year after. At any rate, the board held that because the permanent service was interrupted by a temporary appointment, and he didn't qualify to appeal because you're required to have a year of current continuous service under a permanent appointment. And that's really the point here, that that's just a reading, a literal reading of the statute. The statute, the provision that the service must be appraised under other than a temporary appointment, modifies current continuous service. There's really no other way to read it. There are three things requiring the same or similar petition in an executive agency, under a, other than a temporary appointment. These modify the two years of current continuous service, and there simply is no basis for saying, oh, the two years of same or similar service must be in a permanent position. But the current continuous service is not. It's just, there's no basis for that in the statute itself.  And what is the policy basis? I mean, we don't do policy, but what, I understand we always, you know, the probationers don't get the most of the money for it because they're not interested in their job, period, sort of tactics. What's the policy rationale for excluding continuous service from temporary appointments? Temporary appointments are either less price than a probationer. They're more easily hired. They're not on a schedule to become permanent as a trial, as an employee in a probationary trial period is. And looking at the situation in this case, I think you can see a policy reason in that. This was a temporary appointment provisional on the completion of a background check. And the agreement that the petitioner signed was in the attendance, page 34, explains that a temporary immigration judge will not have any access to sensitive information. So if that background check had been done three months earlier, she'd be home free. That's correct. But the policy reason I'm getting at is that, presumably because these judges don't have access to all the information, they aren't performing the full range of duties, and this guarantees that if they're not made permanent until the background check is finished and a favorable result, the agency then will have to serve a two-year trial period, and the agency will have the full and intended period to review that person in the full performance of their duties. That's the only thing I can suggest that would be a policy reason. I guess the only thing that cuts the other way, to me, is that the statute limits this to the same or similar positions. It has a way of requiring that somebody has performed and you have the chance to evaluate them. That's correct. There is no dispute, though, that her justice appointment, prior justice appointment, are in the same or similar position. The parties disagree. That that is the same or similar. No, because the board found that under the plain language of the statute, there's no jurisdiction, they didn't reach the same or similar issue, but it wasn't disputed by the parties. The petitioner presented, well, I was in the same subject area, so they're the same or similar. The agency's position was, no, the function of the judge is really quite different from that of a general attorney, and they contended that they weren't the same or similar. So even though she has been appointed, I would say there were discussions that she could actually wait until after the background investigation was over and just take the appointment at that point, so she wouldn't have to be temporary. But the downside of that, according to the personnel she spoke with, this is in her affidavit and in the attendance. The downside was that, well, if you wait, maybe the funding will end and you won't get the job at all, so she elected to take the temporary. But getting back to my point, that's what happened. Do you agree that, under their interpretation, that if she had two years of permanent service, number similar to 25 years ago, that she would be able to take that on and appoint a position? If she had two years of service and a permanent position? Yeah, five years earlier. Well, we're trying to discover that she had service five years earlier, two years in a permanent similar position, but that was interrupted by, let's say, five years of service, under a temporary position. If it's interrupted by temporary, it wouldn't matter at all. Do you understand their position? Do you understand their position that no matter how long ago it was, if it was two years of service in a permanent similar position, that that would be sufficient to get a job? Yeah. I think that's what they're saying. That seems to be a very odd result, in a sense. Yes. Or perhaps they're saying that she had to be in the same or similar position immediately prior to the vacation and temporary position. But your position, even if she had been, let's say she had been a permanent immigration judge for 15 years and then funding runs out or whatever, so there's some variation of immigration judge, if you take the temporary appointment, even if there were no dispute that the prior permanent service had been in the same or similar position, your position would still be that the interruption through the temporary appointment cut it off. I think that would be the case unless she would have some right to reinstatement in a permanent position without a trial period because she's been in exactly that same position before. That might be an exception. So she doesn't have any right to reappointment in the Justice Department in her current position? I'm not aware of that, no. But I think there might be, if you were in, if you had been in, there are some rights to reinstatement to the same, very same position, I think, where you would not have to serve a new probationary period. And I think I've made my point, but I don't think the Forrest case holds what he said because in Forrest, there was current continuous service, but the first part was temporary, he didn't have enough in the permanent, in which he was removed, and the court explicitly stated that he had to have two years of current continuous service in a permanent position. So it's inconsistent with his view that they only wanted to have, you know, that it only had to do with the two years and not the permanence of the position. I seem to recall a case that we decided, and there may be an interview about, I can't remember the name of it, involving a similar situation where they claimed that by accepting the temporary position, the police wasn't told that he or she would lose the appeal right. Remember the name of that case? I think it's on Zoom, it's called Carol. Carol? Yes. Earlier in this case, the petitioner contended that also for a right based on not being told about a right when she came to the Justice Department job, told that she would lose her appeal rights, but that argument was dropped by the petitioner at some point in this case, not in the brief, so we didn't brief it either. But the decision that addresses this is called Carol. Carol, Carol 1, we sent it back. Carol 2. Carol 2, yes, we sent it back a couple of years ago and then it came back up more recently, about four months ago. Right, and it was decided in late 2010, 6-26, I said 3rd, 1348. And in this case, what it tells us is that notwithstanding misinformation or failure to give an employee this information, the board doesn't have jurisdiction to hear an appeal from such a person because they are not a statutory employee. This is if someone takes a temporary or probationary position without knowing that they're going to lose their appeal right. That's a right that we had stated in the earlier position. Well, that was the claim, but that was not accepted. Yeah, okay. Thank you, Mr. Morrow. Mr. Griffin. Thank you, Your Honor. The court, the discussion this morning is focused on the jurisdictional question and the United States, of course, has very little to add to the jurisdictional question. There are 44, and the MFPD has the statutory ability to defend the board's jurisdiction. With respect to the regulations, they are OPM regulations, and it occurs to me that if there were some doubt as to the interpretation of the statute, this court could rely on the decision you have to take as articulated in our brief as to the interpretation of those regulations under our reference. Hey, you are not those who are. This is OPM. Okay, Mr. Morrow. Your Honor, Department of Justice. I think we've kind of made it clear that we're not going to take the Department of Justice when we get to the position of the MFPD and the position of the MFPD. Okay, fine. Well, we think the statute is clear, and we agree with the MFPD's articulation of any of that. Is there no other questions? Thank you, Mr. Goodman. Thank you. Mr. Roth has a couple of minutes of time, so I'll give you a minute, Your Honor. Just to clarify something that came up, it is not appellant's position here that you can just take the block of position from five years ago and add it to her time that she was an immigration judge. Why not? Because it has to be continuous. In other words... Judge, I agree that it has to be continuous. I disagree as to what their definition of continuous is. Continuous under the CFR race means no more than employment that is not interrupted by a single work day. A temporary employment, if there were five years of temporary employment and two years of similar permanent employment before that, why wouldn't that be sufficient? It would be if you discounted the temporary appointments in the time and if all of them were continuous under the definition in the CFR race. It doesn't seem to me to be an odd result that if you can get years and years of temporary appointments, you can still go back and latch on to a two-year permanent period, let's say, if you have an STD. I think as long as it's continuous under the definition. In terms of the Williams case, that was a case... First of all, it's difficult to determine what Williams says because the facts in the Williams case support the decision. It's very difficult to determine the time frames. But the person in that case, the appellant in that case, went from a temporary position in Iceland to a temporary position in Quantico to a permanent position. And under the statute, since it was in a competitive service, it required one year. The board held that there was no jurisdiction there because in the permanent position, there was not one year of service. That is not inconsistent with the position that we're taking here. We agree you can't count the temporary service in the two years. Can I have one final thought? Yes, Your Honor. Your Honors, at one point, ruled on this statute in the Van Werth decision. And in that case, Your Honors concluded that the purpose of 7511, the one-year and two-year requirements, was to give the agency a period, a reasonable period of time, to assess an employee before that person got civil service rights, before the merit system was established. Van Werth. Van Werth. Well, I don't have a case that went from the distinction between Van and Org. Right, right. But during the course of that, this court acknowledged that the one- and two-year requirements was basically to give the agency a time to assess the bona fides of the employee, whether they were a good employee, performance, and so on. They're trying to take the temporary appointment, in this case, and make it jurisdictional. And trying to say that not only does the person during the two-year period under 7511 have to show their good performance and good conduct, but they also have to do the same thing during the temporary appointment. And in this case, that's not clear, that's not true, because it's absolutely clear that the only reason for the temporary appointment here was for the background investigation to be complete. Thank you.    Van Werth. Van Werth. Van Werth. Van Werth. Van Werth. Van Werth. Van Werth.